IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STEVEN WADE COX,                )
                                )
        Plaintiff,               )
                                )
v.                              )    Case No. CIV-16-459-RAW-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
        Defendant.               )

**REPORT AND RECOMMENDATION**

Plaintiff Steven Wade Cox (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 53 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a brick and rock mason and a truck driver. Claimant alleges an inability to work beginning February 1, 2012 due to limitations resulting from herniated degenerative disc disease, depression, and anxiety.

**Procedural History**

On August 2, 2013, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. The application for benefits was denied initially and on reconsideration. On July 27, 2015, Administrative Law Judge ("ALJ") Lantz McClain issued an unfavorable decision. On September 26, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper credibility determination; and (2) reaching an RFC which is not supported by the evidence.

### Credibility Determination

In his decision, the ALJ determined Claimant suffered from the severe impairment of degenerative disc disease. (Tr. 11). The ALJ concluded that Claimant retained the RFC to perform his past relevant work as a truck driver. (Tr. 16). After consultation with a vocational expert, the ALJ alternatively found Claimant could

perform the representative jobs of hand packager and laundry worker, both of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 17). As a result, the ALJ found Claimant was not disabled from February 1, 2012 through September 30, 2014, the date last insured. Id.

Claimant contends that the ALJ did not proceed through the proper analysis in assessing his credibility. Claimant testified that he stopped driving a truck because of his back, contending he could not perform a full day's work. (Tr. 28). For long haul trucking, Claimant was not required to lift to load or unload the trucks. He stated he had experienced his back problems since the age of 19 but continued to work. Medications, including hydrocodone, provided him with temporary relief. (Tr. 29-30). Claimant stated he could not walk two blocks or stand in line to get coffee without squatting and resting. He was constantly uncomfortable in a seated position because of his back. Claimant stated he experienced problems with the lower, mid, and upper back where discs were giving him problems but mainly the lower back which caused him to have pain down his legs. (Tr. 30-31). His legs would give out like he had missed a step. (Tr. 31).

Claimant received an epidural lumbar injection which provided relief for about three months. A second injection, however, had no benefit at all. He has had no further injections due to cost. Id.

He currently takes hydrocodone for pain provided by the Choctaw Nation.  He states that he doesn't do anything. (Tr. 32). He believes that his back has gotten a little better since he last drove a truck.  He now could walk ten to twelve blocks. (Tr. 33). He believed that he could lift a gallon of milk.  He shifts position when he sleeps.  Id.  Claimant testified he could sit for 30 minutes before noticing symptoms of back pain after which he gets up and moves for a minute or two. (Tr. 34).  Claimant takes a muscle relaxer if it really gets bad to sleep but it makes him drowsy when he gets up.  (Tr. 35).

In an average day, Claimant testified he does household things like laundry and prepares meals but sits for part of the time. (Tr. 36-37).  If he puts in three hours of physical activity, Claimant testified it usually takes two to three days before the swelling reduces in his hands and his back recovers.  He has repaired a door frame which took three to four days from which to recover.  (Tr. 38).

The ALJ determined Claimant's testimony was not entirely credible.  He noted the findings by the consultative physician, Dr. Ronald Schatzman after an examination of Claimant on October 10, 2013. Dr. Schatzman found Claimant was not in acute distress with no edema or point tenderness in the extremities.  Claimant's grip strength was 5/5 bilaterally strong and firm.  He was able to

perform both gross and fine tactile manipulation.  Finger to thumb opposition was adequate.  His knees showed no effusion or edema and were stable in all range of motion exercises.  Great toe strength was equal bilaterally.  (Tr. 343).  Claimant's cervical, thoracic, and lumbar areas of the spine were non-tender with full range of motion.  Straight leg raising was negative bilaterally in both sitting and supine positions.  Claimant's gait was safe and stable with appropriate speed with no identifiable atrophy noted.  Heel/toe walking was normal.  Tandem gait was within normal limits.  (Tr. 344).

An MRI was performed on Claimant's lumbar spine on March 8, 2014.  The testing revealed degenerative disc and facet disease at L4-5 producing moderate to severe central canal stenosis and severe bilateral neural foraminal narrowing with potential involvement of both exiting L4 and descending L5 nerve root.  (Tr. 378-79).  A Choctaw Nation physician completed a form on October 9, 2014 which found Claimant could perform sedentary work, stating Claimant was not able to be involved in physical activity for periods longer than three hours.  (Tr. 383).  A physician's assistant, Jessica L. Hall, PA, performed an examination of Claimant on December 11, 2014 and concluded Claimant had a normal gait, strength, and tone with no swelling in the joints.  His grip was found to be equal bilaterally.  (Tr. 390).  An unidentified non-examining consulting physician with

the initials "SLV" concluded Claimant could lift/carry 50 pounds occasionally, 25 pounds frequently, stand/walk for about six hours in an eight hour workday, sit for about six hours in an eight hour workday, and engage in unlimited pushing and pulling. (Tr. 66).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements.  The nature of Claimant's treatment and the objective medical testing form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### RFC Determination

Claimant asserts that the ALJ failed to consider the totality of the medical evidence and his limitations in reaching his RFC. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001).  A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p.  The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record.  Id.  The ALJ must "explain how any material

inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. The medical opinion evidence, save for a one page assessment from the Choctaw Nation lacking explanation, tends to demonstrate that Claimant could perform at the medium work level in returning to his past relevant work.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of January, 2018.

*[signature]*

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE